## MARIA WILLIAMS *versus* EDWARD BUKER.

A verdict will not be set aside as being against evidence, unless it so preponderates in favor of the losing party as to authorize the Court to infer that the jury acted under a mistake, or were influenced by improper motives.

Previous to the Revised Statutes of 1841, a mortgage of land of which the mortgager was at the time disseized, or an assignment of a mortgage of lands of which the assignor was at the time disseized, conveyed no title whatever.

Although the mortgagee or assignee should afterwards acquire possession, it would give no effect to his deed.

A refusal of the presiding Judge to instruct the jury, that an actual location made by the parties to the deed, any time after the conveyance, is conclusive, is not erroneous.

ON EXCEPTIONS and MOTION to set aside the verdict, as being against the evidence.

REAL ACTION. The evidence was all reported, but, as no question of law arose on the *motion*, it is not necessary to state it in this report.

The demandant claimed under a mortgage from one Frith to Vaughan, and an assignment thereof to one Parks, in 1821.

The tenant offered evidence tending to show that Frith at the time of this conveyance, and Vaughan at the time of the assignment, were disseized of the premises.

The demandant offered evidence tending to show that Parks, the assignee, entered under the mortgage, and that his heirs entered and conveyed the demanded premises to the demandant.

Upon this branch of the case, the presiding Judge, among other things, instructed the jury that, if there was an outstanding disseizin, and Frith had no possession, when he conveyed to Vaughan, nothing passed by the deed; and, if there was an outstanding disseizin when Vaughan assigned the mortgage, no title to the land passed by the assignment.

The demandant's counsel requested the Judge to instruct the jury that, if Frith was disseized by Buker when he

gave the mortgage to Vaughan, and, if Vaughan was so disseized when he assigned the mortgage, yet, if Vaughan or Parks, his assignee, entered under the mortgage, the boundaries named in the mortgage would define the extent of his claim; and, if Parks had actual possession and his heirs entered and divided the premises among themselves, and the rest of them gave a deed to the demandant, covering the ground in dispute, she is entitled to hold, unless the tenant can show a better title.

This request was refused.

The demandant offered evidence tending to show that sometime after a conveyance, under which she claimed, the parties thereto actually located the premises upon the face of the earth; and the demandant requested the Judge to instruct the jury that an actual location made by the parties, any time after the conveyance, is conclusive, which he declined to give, but instructed the jury, that if the parties, immediately after the conveyances, actually located the lots conveyed, upon the face of the earth, and designated the bounds by monuments, such location would be binding, although it might not agree with courses and distances named in the deeds.

The verdict was for the tenant, and the demandant excepted.

*Gilbert & Sewall*, for the demandant.

*Tallman & Larrabee*, for the tenant.

The opinion of the Court was drawn up by

RICE, J.—The evidence in this case is conflicting, and does not so preponderate in favor of the plaintiff as to authorize the Court to infer that the jury acted under a mistake, or were influenced by improper motives.

In relation to the exceptions: it was one of the first principles of the law applicable to real estate, as it stood prior to the revised statute of 1841, that he who was disseized could not, during the continuance of such disseizin,

convey to a third person. If he attempted to convey, nothing passed by the deed. If the supposed grantee entered, he was a trespasser, and, having gained possession by his own tortious acts, he could not avail himself of his deed to render his continuance in possession lawful. *Hathorne* v. *Haines*, 1 Maine, 238.

The plaintiff could not therefore, on the hypothesis in her first request, derive any benefit from the Frith mortgage, or its assignment.

The second request was also properly withheld—the instructions upon that point being as favorable to the plaintiff as the law will authorize.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

TENNEY, C. J., MAY, GOODENOW, DAVIS and KENT, JJ., concurred.